STATE OF MAINE                                      SUPERIOR COURT
AROOSTOOK, ss.                                      LOCATION: Caribou
                                                    Docket No. CARSC-CV-2020-019

Eastern Alliance Insurance          )
Company on behalf of Joel           )
Jantzen, minor                      )
                     Plaintiff      )                ORDER ON MOTION
v.                                  )                IN LIMINE RE: EXPERT
                                    )                     WITNESS
                                    )
Harold Haines, Inc., d/b/a Haines   )
Manufacturing Co., Inc..,           )
                     Defendant      )

Currently pending before the Court is Plaintiff's Motion in Limine to Exclude

Testimony of the Defendant's Designated Expert, Dr. Sam Perlmutter.   The Court has

reviewed the motion, the objection, the reply, and considered the testimony of Dr.

Perlmutter during the Zoom hearing on June 3, 2022.  The Court has also considered the

post-hearing briefs submitted by the parties on June 17, 2022 and July 1, 2022.  The Court

issues the following orders related to the Motion:

## BACKGROUND

Plaintiff has moved to exclude testimony of Defendant's designated expert, Dr.

Sam Perlmutter, at trial. The Plaintiff contends that Dr. Perlmutter's testimony as an

expert witness is inadmissible on three distinct grounds: (1) Dr. Perlmutter does not have

the requisite experience or expertise to offer an opinion on the facts of this case; (2) Dr.

Perlmutter never analyzed the issue of whether the product in question was defective as

manufactured and therefore cannot testify in that regard; and (3) Dr. Perlmutter's

anticipated testimony regarding the actions or inaction of Bradstreet Family Farms that Defendant contends contributed to the injury will not assist the jury.

## DISCUSSION
### A. Qualifications of Dr. Perlmutter

The Court finds that Defendant's expert, Dr. Perlmutter, meets the minimum standard applicable to qualify as an expert in this case. The Maine Rules of Evidence provide:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine the fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise."

*M.R. Evid. 702.* Generally, for expert testimony to be admissible, "the expert must be able to provide some insight beyond the kind of judgment an ordinarily intelligent juror can exert." *Tolliver v. Dept. of Transp.*, 2008 ME 83, P28, 948 A.2d 1223, 1233 (citation omitted) (internal quotation marks omitted). "The qualification of an expert and the scope of the opinion testimony are matters within the discretion of the trial court." *Id.* (citation omitted) (internal quotation marks omitted).

Dr. Perlmutter has academic and experiential credentials that qualify him to provide testimony regarding in-running nip points and issues related to the guarding of in-running nip points. In addition to his formal training, Dr. Perlmutter has worked for over ten years with OSHA guidelines and safety standards. Further, Dr. Perlmutter has academic and experiential credentials that qualify him to provide testimony regarding the utilization and propriety of safety warnings related to equipment hazards. Some of

the factors identified by Plaintiff may well be part of the consideration as to the weight that should be given to Dr. Perlmutter's testimony but not as to the admissibility of that testimony. *See, Bratton v. McDonough*, 2014 ME 64, P15, 91 A.3d 1050, 1055.

## B. Defective As Manufactured

Plaintiff next claims that Dr. Perlmutter's anticipated testimony lacks sufficient reliability regarding the issue of whether the bulk body was defective as manufactured because he did not analyze that issue. "A proponent of expert testimony must establish that (1) the testimony is relevant pursuant to M.R. Evid. 401, and (2) it will assist the trier of fact in understanding the evidence or determining a fact in issue." *Tolliver*, 2008 ME 83, P29, 948 A.2d at 1233 (*quoting Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, P21, 878 A.2d 509, 515-16). This admissibility determination additionally requires the court to ascertain whether the expert's science or methodology is sufficiently reliable to make an expressed opinion probative. *Id.* at 1233 (*quoting State v. Irving* 2003 ME 31, P12, 818 A.2d 204, 208).

Dr. Perlmutter's general knowledge of the safety mechanisms available for industrial machines, which are similar, if not identical, to those available for use with the bulk body in question, combined with his analysis after the examination of the bulk body in question as well as an exemplar bulk body is relevant to the issue of whether the bulk body was unreasonably dangerous to the user. Dr. Perlmutter's testimony may also help the jury decide whether nip point was guarded by location and therefore not defective in design. Moreover, Dr. Perlmutter's testimony may help the jury understand, in layman's

terms, the various types of safety mechanisms available for in-running nip points and how these safeguards function. The court finds that Dr. Perlmutter's testimony, based on his education and experience, is sufficiently reliable with respect to whether the bulk body was defective and unreasonably dangerous to the user to be probative on the issues presented in this case.

## C. Conduct of Bradstreet Family Farms

Plaintiff contends that Dr. Perlmutter should be precluded from offering testimony regarding the position of Bradstreet Family Farms relative to the ability of an employer to protect against potential injuries to employees. Plaintiff argues that the Defendant is unable to establish that Dr. Perlmutter's testimony regarding the employer in this matter is relevant and helpful to the jury in understanding the evidence or determining a fact in issue. *Tolliver*, 2008 ME 83, P29, 948 A.2d at 1233 (*quoting Searles v. Fleetwood Homes of Pa., Inc.*, 2005 ME 94, P21, 878 A.2d 509, 515-16). The manner in which the bulk body was used at the time of the incident will be central to the jury's work in determining whether Plaintiff has proven that the bulk body was defective and that the machine was being used in a manner reasonably foreseeable by Defendant. See, Alexander, *Maine Jury Instruction Manual*, § 7-25 (2021). However, there are no claims of any kind pending against Bradstreet Family Farms and it is not a party to this case. Therefore, what Bradstreet Family Farms did is relevant as to what use they put the bulk body to, in order to assess foreseeability.

Turning to the issue related to the specific proffered testimony regarding the claim that the employer was in a superior position to guard against the injury, Defendant has not shown that this would be relevant and helpful. The focus is the condition of the machine as manufactured. Dr. Perlmutter appears to have reached a general conclusion that the employers are always in a superior position to guard against injury from industrial machines involving a volitional placement of a body part into a hazardous area. *Perlmutter Report at 29 of 37.* Dr. Perlmutter expressed the opinion that an employer such as Bradstreet Family Farms would be "aware of any potential guards or guarding methodologies, if they deem it necessary, that could be incorporated with the use and operation of the bulk body." *Perlmutter Report at 18 of 37.* The court has already determined that the focus of the jury's work is to determine fault and liability, if any, as to the parties to this case, which does not include Bradstreet Family Farms. Further, the court finds the proffered testimony has not been shown to be sufficiently tailored to the fact and pending claims of this case to avoid confusion to the jury.

The entry is:

Plaintiff's motion *in limine* to exclude the testimony of Dr. Perlmutter dated on January 6, 2022, is **GRANTED, in part**. The testimony of Dr. Perlmutter will be limited such that Defendant will be precluded from offering testimony as to the relative position of the employer to guard against potential injury due to the bulk body in question. In all other respects, the motion *in limine* is **DENIED**.

The clerk is instructed to incorporate this Order by reference into the docket pursuant to M.R.CIV.P. 79(a) and schedule this matter for the next round of civil trial management conferences.

Dated: 7/18/2022

Justice, Maine Superior Court